**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2732
_____

UNITED STATES OF AMERICA

v.

DAMON EDWARDS
a/k/a BOO a/k/a BOO-BOO,
*Appellant*

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-CR-00072-002)
District Court Judge: Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
May 13, 2021
_____

Before: McKEE, JORDAN, and FUENTES, *Circuit Judges*

(Opinion filed: October 26, 2021)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Damon Edwards appeals the District Court's denial of his motion to withdraw his guilty plea based upon alleged ineffective assistance of counsel. The District Court denied his motion, finding no "fair and just reason" to allow him to withdraw his plea. For the reasons discussed below, we will affirm the District Court.

**I.**

Damon Edwards pled guilty to several drug-related charges pursuant to a plea agreement containing a binding appellate waiver.[1] The District Court carefully and extensively reviewed that agreement, including the appellate waiver, with Edwards during the guilty plea colloquy. The agreement stipulated that a sentence of 216 months' imprisonment was appropriate in part because of his designation as a career offender. The Court deferred deciding to accept or reject the agreement until after it received a presentence investigation report.

Thereafter, Edwards moved to withdraw his guilty plea arguing his attorney had rendered ineffective assistance in agreeing that he was a career offender. Without the career-offender enhancement, the range under the Sentencing Guidelines would have

---

[1] The charges included one count of conspiracy to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); distribution of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; distribution of cocaine base within 1,000 feet of public housing and aiding and abetting in violation of 21 U.S.C. §§ 860(a)(1), 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2; possession with intent to distribute cocaine base and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2; and possession with intent to distribute cocaine base within 1,000 feet of public housing and aiding and abetting, in violation of 21 U.S.C. §§ 860(a), 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.

been 188 to 235 months.  The District Court denied his motion, finding no fair or just

reason to allow him to withdraw.  The Court then imposed the agreed-upon sentence, and

this appeal followed.

On appeal, Edwards's attorney filed a brief pursuant to *Anders v. California*,[2]

concluding that there are no nonfrivolous issues to appeal and requesting permission to

withdraw as counsel.[3]  Not surprisingly, the government agrees that there are no

meritorious appellate issues.  We appointed Amicus Curiae counsel to examine the record

and inform us of any potential appellate issues.  Amicus counsel did so and agrees that

there are no nonfrivolous issues.[4]  Amicus has identified one possible issue for our

consideration but concluded that it lacked merit.  Amicus notes that, under *United States

v. Nasir*,[5] Edwards's prior state drug convictions may no longer serve as predicate

offenses for the career-offender enhancements under the Sentencing Guidelines.  Were

we to reach the issue, we would apply the plain error standard under *United States v.*

---

[2] 386 U.S. 738 (1967).
[3] *See id.* at 744 (holding "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw").
[4] We wish to thank Frederick W. Ulrich, Assistant Public Defender for the Middle District of Pennsylvania, and Tammy L. Taylor, Staff Attorney as well as Heidi Freese, Federal Defender for the Middle District for the quality of their representation and the thoroughness of the exceedingly well-written brief they provided the Court as Amicus Curiae.
[5] 982 F.3d 144, 160 (3d Cir. 2020) (en banc) (concluding that "inchoate crimes are not included in the definition of 'controlled substance offenses'").  In his motion to withdraw, Edwards challenged the career-offender enhancement under the First Step Act, not an argument based on *Nasir*.  Thus, his appeal does not preserve his challenge to the career-offender enhancement under *Nasir*.  Accordingly, plain error review would apply. *See United States v. Dahl*, 833 F.3d 345, 357–58 (3d Cir. 2016).

*Olano*.[6]  However, we need not reach that issue because it has been waived pursuant to the plea agreement.[7]  Any argument that it has not been waived, as Amicus notes, is meritless.

## II.

Edwards rests his claim for relief from his guilty plea upon trial counsel's alleged ineffectiveness, and he raises the claim on this direct appeal.  Claims of ineffective assistance of counsel are rarely heard on direct appeal.  Moreover, even if we were to decide the issue now, Edwards would lose because he cannot establish that his trial counsel was ineffective.[8]  To show ineffective assistance, counsel's representation must be objectively unreasonable.[9]  Reasonableness is based on "the facts of the particular case, viewed as of the time of counsel's conduct."[10]  Edwards argues that his original counsel was ineffective during the plea negotiations and that his subsequent attorney was ineffective when he sought to withdraw his guilty plea.  We disagree.

Amicus points out that following our decision in *United States v. Nasir,* Edwards's drug convictions may no longer serve as predicate offenses for the career-offender enhancements under the Sentencing Guidelines.  Edwards based his motion to withdraw

---

[6] 507 U.S. 725, 734–36 (1993).
[7] *See United States v. Khattak*, 273 F.3d 557, 560–61 (3d Cir. 2001); *see also Olano*, 507 U.S. at 734–36.
[8] *See, e.g.*, *United States v. Thorton*, 327 F.3d 268, 271–72 (3d Cir. 2003) (explaining the standard for bringing an ineffective assistance of counsel claim on direct appeal).
[9] *Tyson v. Superintendent Houtzdale SCI*, 976 F.3d 382, 391–92 (3d Cir. 2020) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).  Relief under *Strickland* requires that counsel's representation fall below a standard of objective reasonableness, and the defendant must suffer prejudice as a result.  *Strickland*, 466 U.S. at 690.
[10] *Strickland,* 466 U.S. at 690.

his plea, however, upon the First Step Act, not upon the impact that *Nasir* had on his career-offender status. Thus, he did not preserve a challenge to the career-offender enhancement under *Nasir*, and therefore on appeal we would apply the plain error standard under *Olano*.[11]

But *Nasir* was decided after Edwards was sentenced, and an attorney cannot be deemed ineffective for failing to anticipate a change in the law.[12] Edwards entered into his plea agreement on July 18, 2018, and was sentenced on July 19, 2019. *Nasir* was first argued to a panel of this Court on November 12, 2019. The Court's decision was filed on December 1, 2020—having been argued to the *en banc* court on June 24, 2020. Thus, the subsequent change in the law does not render Edwards's counsel ineffective regarding his motion to withdraw.

Edwards also argues that because *Nasir* relied on *Kisor v. Wilkie*,[13] his first counsel was ineffective in suggesting that Edwards agree to the career-offender enhancement based upon predicate offenses that may have relied upon convictions for an inchoate offense. However, *Kisor* was also decided after Edwards pled guilty and therefore cannot support a claim of ineffectiveness.[14]

**III.**

---

[11] 507 U.S. 725, 734–36 (1993). *See Dahl*, 833 F.3d at 357–58.

[12] *United States v. Lockett*, 406 F.3d 207, 213 (3d Cir. 2005) ("The waiver of an appeal will not be invalidated merely because unanticipated events occur in the future.").

[13] 139 S. Ct. 2400 (2019).

[14] The fact that *Kisor* was decided *before* Edwards was sentenced is not grounds for relief either because, as explained below, his 216-month sentence is simply not a miscarriage of justice given the applicable guideline ranges.

Finally, we note that denying Edwards's attempt to withdraw his guilty plea does not constitute a miscarriage of justice. A miscarriage of justice is an "unusual circumstance" in which we consider a range of factors, including whether the error concerns a sentencing guideline.[15] Even if we were able to somehow definitively now say that the wrong sentencing guideline was used, that misapplication would not have produced a miscarriage of justice.

Absent the career-offender enhancement, Edwards would have a criminal history category of II.[16] That would have resulted in an advisory guideline range of 188 to 235 months as we noted earlier. As Amicus points out, "[t]he career-offender enhancement affected only the criminal history category, raising it to a VI and an [*sic*] increasing the guideline range to 292-365 months."[17] The 216-month sentence imposed pursuant to the plea agreement was in the middle of the range without the challenged enhancement and substantially less than the enhanced range. Thus, there is no miscarriage of justice requiring reversal of the District Court.

## IV.

Accordingly, for the reasons stated above, we will affirm the judgment of the District Court and grant counsel's motion to withdraw.

---

[15] *United States v. Fazio*, 795 F.3d 421, 426 (3d Cir. 2015) ("This determination depends on factors such as the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.").

[16] *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

[17] *See* Amicus Br. at 13 (citing Supp. Appx at 54a; PSR at ¶ 172).